# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55905-6-II |
| Respondent, | |
| v. | |
| THOMAS TOREN NISSEN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Thomas T. Nissen appeals the imposition of a $200 criminal filing fee, arguing that the trial court found him indigent. The State of Washington concedes this issue and agrees that this court should remand this case to the trial court to strike the fee. We accept the State's concession, reverse the imposition of the $200 criminal filing fee, and remand to the trial court to strike the criminal filing fee from Nissen's judgment and sentence.

## FACTS

Nissen pled guilty to child molestation in the third degree and assault in the fourth degree with sexual motivation. The trial court dismissed a third charge of child molestation in the first degree.

The State recommended that the trial court impose a $500 victim assessment fee, a $200 criminal filing fee, and restitution to two victims in an amount to be later determined. At the sentencing hearing, the trial court found Nissen indigent and stated its intent to impose only mandatory legal financial obligations (LFOs). The trial court also stated its intent to enter orders on restitution, if any. The State informed the court that it did not anticipate any restitution but

wanted to leave the option open for 180 days. The record does not include any orders on restitution.

Nissen's final judgment and sentence included a list of LFOs, including a $500 victim assessment and a $200 criminal filing fee. The judgment and sentence stated that restitution was "TBD." Clerk's Papers at 41.

Nissen appeals.

## ANALYSIS

Nissen argues that the criminal filing fee must be struck from his judgment and sentence, because the trial court found him indigent at the time of sentencing. The State concedes that the trial court did not intend to impose the criminal filing fee.

Here, the trial court found Nissen indigent. Trial courts are prohibited from imposing criminal filing fees on criminal defendants found to be indigent at the time of sentencing. RCW 36.18.020(2)(h);[1] *State v. Ramirez*, 191 Wn.2d 732, 746, 426 P.3d 714 (2018). But Nissen's judgment and sentence shows the criminal filing fee was imposed. That was error. Therefore, the criminal filing fee should be stricken from the judgment and sentence.

Nissen also argues that his judgment and sentence must indicate that restitution is not owing. The State responds that this issue of restitution need not be reached because the State did not seek restitution within 180 days. The parties agree that the 180 day period to submit restitution

---

[1] RCW 36.18.020 was amended in 2021. However, there were no substantive changes made affecting this opinion; therefore, we cite to the current statute.

No. 55905-6-II

has elapsed. Because the time for the State to seek restitution has elapsed, we agree with the State that we need not address the issue of restitution.

We reverse the imposition of the $200 criminal filing fee and remand to the trial court to strike the criminal filing fee from Nissen's judgment and sentence.[2]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, P.J.

_____
Price, J.

---

[2] Nissen also challenges his judgment and sentence on the broader basis of RCW 9.94A.760(1), contending that his judgment and sentence is incomplete absent a total amount of LFOs owing. RCW 9.94A.760(1) provides that "[t]he court must on either the judgment and sentence or on a subsequent order to pay, designate the total amount of a legal financial obligation and segregate this amount among the separate assessments made for restitution, costs, fines, and other assessments required by law." The narrower issues of the criminal filing fee and restitution are addressed in this opinion. Addressing the narrower issues renders the broader argument unnecessary to address because there is only one LFO remaining—the $500 victim assessment.